IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:12CV3074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY B. RANDALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.) The court has received a certified copy of Plaintiff's trust account information. (Filing No. 3.) Plaintiff is permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Accordingly, the court finds that the initial partial filing fee is $72.22, based on an average monthly account balance of $361.10. Plaintiff must pay this initial partial filing fee by **May 17, 2012**. If the court does not receive payment by this deadline, this matter **will be dismissed**. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

The Clerk of the court shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for Leave to Proceed In Forma Pauperis (filing no. 2) is granted.

2.      Plaintiff shall pay an initial partial filing fee of $72.22 by **May 17, 2012**, unless an enlargement of time is granted in response to a written motion. If the initial partial filing fee is not received by the specified deadline, this case **will be dismissed**.

2

3. After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

4. The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 17, 2012**: initial partial filing fee payment due.

6. Plaintiff shall keep the court informed of his current address at all times, and all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

7. Plaintiff shall review the "Notice Regarding Summons Forms" attached to this Order.

DATED this 18th day of April, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

# NOTICE REGARDING SUMMONS FORMS
# FOR PRO SE PRISONERS
# PROCEEDING IN FORMA PAUPERIS

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of the court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant. Generally, the court conducts "initial review" shortly after the Clerk of the court receives the initial partial filing fee from the plaintiff. After the initial partial filing fee has been paid, and initial review has been completed, the Clerk of the court arranges for service of process as follows:

1. The Clerk of the court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of the court. Upon receipt of the completed forms from the plaintiff, the Clerk of the court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.