IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOSEPH SIMS, | ) | 4:12CV3074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY B. RANDALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 13, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis (filing no. 7) and has paid the initial partial filing fee. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against 10 Defendants, including a Nebraska District Court Judge, several Douglas County, Nebraska prosecutors, the Nebraska Attorney General, and several other state and county employees. (Filing No. 1 at CM/ECF pp. 2-3.) Condensed and summarized, Plaintiff's Complaint relates entirely to his "verified motion for postconviction relief" filed in the Douglas County, Nebraska District Court in 2000. (*Id.* at CM/ECF p. 3.) Plaintiff alleges that Defendants improperly opposed and denied his motion in the Douglas County District Court, that his post-conviction counsel was ineffective for eight separate reasons, that Defendant Randall improperly delayed the resolution of his motion, and that the Nebraska post-conviction statutes are inadequate to protect his constitutional rights. (*Id.* at CM/ECF pp. 3-8.) Plaintiff requests that the court order new postconviction proceedings in the state court and unspecified monetary relief. (*Id.* at CM/ECF pp. 8-9.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily

2

implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that Defendants improperly opposed and denied his postconviction motion in the Douglas County District Court, that his post-conviction counsel was ineffective for eight separate reasons, that Defendant Randall improperly delayed the resolution of his motion, and that the Nebraska post-conviction statutes are inadequate to protect his constitutional rights. (Filing No. 1 at CM/ECF pp. 3-8.) Plaintiff specifically requests new state post-conviction proceedings in order to raise ineffective assistance of counsel claims. (*Id.*) Plaintiff's claims, and his request for relief, necessarily implicate the validity of his conviction and current confinement. (*Id.*) As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983 until Plaintiff first obtains a favorable outcome in a habeas corpus or similar proceeding. Thus, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in such a proceeding.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

---

[1]The court notes that Plaintiff previously filed a case pursuant to 28 U.S.C. § 2254 challenging the same conviction at issue in the Complaint currently before the court. (Case No. 4:07CV3088, Filing No. 1.) That matter was dismissed on the merits on May 21, 2008. (Case No. 4:07CV3088, Filing No. 35 and 36.) Thus, although the court is dismissing this matter without prejudice, it makes no findings regarding the successiveness of another federal habeas corpus action.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of June, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.